```
 1  BARRETT S. LITT, SBN 45527
    E-Mail: blitt@kmbllaw.com
 2  DAVID MCLANE, SBN 124952
    KAYE, MCLANE, BEDNARSKI & LITT, LLP
 3  234 COLORADO BLVD., SUITE 230
    PASADENA, CALIFORNIA 91101
 4  TELEPHONE: (626) 844-7660
    FACSIMILE: (626) 844-7670
 5

 6  KONRAD L. TROPE, SBN 133214
    MARK S. FAULKNER, SBN 102679
 7  CENTURION LAW GROUP, P.C.
    9107 WILSHIRE BLVD., STE. 450
 8  BEVERLY HILLS, CA  90210
    TEL: 888-942-9997
 9  FAX: 888-942-9997
    EMAIL: ktrope@centurionlawgroup.com
10
    ATTORNEYS FOR PLAINTIFF
11  VALLEY SURGICAL CENTER, LLC

12
```

UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA,
WESTERN DIVISION

| | |
|---|---|
| VALLEY SURGICAL CENTER, LLC, a California Limited Liability Company,<br><br>Plaintiff,<br><br>vs.<br><br>COUNTY OF LOS ANGELES, a government entity, LAKSHMANAN SATHYAVAGISWARAN, M.D., an individual, ADRIAN MARINOVICH, M.D., an individual, RAFFI DJABOURIAN, M.D., an individual, DENIS C. ASTARITA, M.D., an individual, SELMA CALMES, M.D., an individual, JOHN KADES, an individual, ED WINTER, an individual, and DOES 1-10,<br><br>Defendants. | Case No. CV 13-02265 DDP(AGRx)<br><br>VALLEY SURGICAL CENTER'S NOTICE OF AND APPLICATION FOR TEMPORARY RESTRAINING ORDER AND OSC RE: PRELIMINARY INJUNCTION UNDER F.R.C.P. 65<br><br>[MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF; DECLARATION OF KONRAD L. TROPE; DECLARATION OF TIMOTHY KOLLARS; DECLARATION OF ROBERTO MACATANGAY; DECLARATION OF MICHAEL SEDRAK, M.D.; DECLARATION OF JUAN FELIX, M.D., DECLARATION OF MICHAEL FISHBEIN, M.D.; DECLARATION OF CYRIL WECHT, M.D.; DECLARATION OF TERRY SIMPSON, M.D.; DECLARATION OF IVAN HRONEK, M.D.; DECLARATION OF MIRALI ZARRABI, M.D., FILED |

Case No. CV 13-02265 DDP(AGRx)   APPLICATION FOR TEMPORARY
                                 RESTRAINING ORDER

| | |
|---|---|
| | ) CONCURRENTLY HEREWITH;<br>) [PROPOSED] ORDER LODGED<br>) HEREWITH]<br>)<br>) TRO Hearing Date: TBA<br>) Preliminary Injunction<br>)   Hearing Date: TBA<br>)<br>) Courtroom: 3 located at 312<br>) North Spring Street, L.A., Cal. 90012<br>)<br>) Initial Complaint Filed: March 29, 2013<br>)<br>) Rule 16 Conference: TBA<br>) |

TO: All defendants named herein, in particular, Defendants County of Los Angeles, a Government Entity, Lakshmanan Sathyavagiswaren, M.D., an individual, Adrian Marinovich, M.D., an individual, Raffi Djabourian, M.D. an individual,, Denis C. Astarita, M.D. an individual, Selma Calmes, M.D. an individual, John Kades, an individual, Ed Winter, an individual and DOES 1-10 and their respective attorneys of record:

Notice is hereby given that, on a date and time to be set by the Court, Plaintiff Valley Surgical Center, LLC ("Plaintiff" or "Valley") Plaintiff will, and hereby does, seek an *ex parte* application for a Temporary Restraining Order and Order to Show Cause Re: Preliminary Injunction Against All Defendants Named Herein, and their agents and employees restraining them: (1) from having any further participation in the investigation into the death of Paula Rojeski, deceased, who died on September 8, 2011, and (2) from releasing the Coroner's Final Report, or the contents thereof, regarding the Coroner's conclusions regarding the death of Paula Rojeski. Said report was prepared and ready for distribution on or about January 15, 2013.

The report, as well as the investigation resulting in the preparation of the Coroner's Final Report, reflects reckless and intentional conduct which violates

Case No. CV 13-02265 DDP(AGRx)      APPLICATION FOR TEMPORARY RESTRAINING ORDER

Plaintiff's Constitutional rights under the Fourth Amendment, as well as the Fourteenth Amendment, violations of due process, both substantive and procedural, as well as violations of the Fourteenth Amendment Equal Protection Clause. More specifically, it completely and prejudicially misstates the length of surgery, and falsely states that Ms. Rojeski had cardiac arrest leading to her death while the surgical procedure was taking place. Despite Valley's presentation of dispositive medical record and independent medical opinions demonstrating the indisputable falsity of these assertions, the Coroner's Office persists in them and maintains its intention to promulgate these false statements in its report.

There is a grave likelihood that Valley's very existence will be fatally destroyed if this Court does not act. Valley will likely have its accreditation and certification withdrawn by The Joint Commission, which accredits health care facilities in California, if this report is officially published, as the Joint Commission has indicated its intention to rely on this report in determining continuation of Valley's accreditation.

Thus, Plaintiff Valley seeks a Temporary Restraining Order and ultimately a Preliminary Injunction pending trial against the Defendants for these illegal and unauthorized activities that are causing irreparable harm and for which damages are not an adequate remedy against Defendants.

Good cause exists, as Valley will show through its papers, as required by F.R.C.P. 65, that there is great likelihood of prevailing on the merits of this claim for relief, listed in the concurrently-served initial Complaint, as well as the imminent irreparable harm Valley will suffer if the requested relief is not granted.

Defendants, and/or their counsel, are hereby notified that they are to respond to the above-listed court by filing a responsive pleading in accordance with F.R.C.P. 65, the Local Rules of the United District Court for the Central District of California, and the standing orders of the Honorable Dean Pregerson, within 24 hours after receipt of the pleadings attached with this Notice of Application for

Injunctive Relief. Judge Pregerson's courtroom is Courtroom 3, located at the United States District Court for the Central District of California, 312 North Spring Street, Los Angeles, California 90012.

    This Application is based upon the instant Notice of Application and Application for Injunctive Relief, the Memorandum of Points and Authorities in Support Thereof, filed concurrently herewith, the Declarations of Konrad L. Trope, Timothy Kollars, Roberto Macatangay, Ivan Hronek, M.D., Cyril Wecht, M.D., Terry Simpson, M.D., Juan Felix, M.D. Mirali Zarrabi, M.D., and Michael Sedrak, M.D., filed concurrently herewith, and the [Proposed] Order lodged concurrently herewith, as well as such other papers and oral arguments as the Court may wish to consider.

    Plaintiff's counsel, Konrad Trope, Esq., of Centurion Law Group, P.C., provided notice of the complaint along with a final draft copy of the complaint, just prior to its being filed, to counsel for Defendants, Ken Maranga, Esq., on Thursday, March 28, 2013 at approximately 4:20 p.m., via e-mail. In that email, Plaintiff's counsel asked if Defendants would agree to either (1) refrain from acting on the Report pending hearing on a motion for a preliminary injunction or, if not, (2) agree not to act on the report pending a ruling on an application for a TRO, which would be filed on April 1. That e-mail, a copy of which is attached to the Declaration of Konrad Trope, filed concurrently herewith, as Exhibit "7", also asked if Mr. Maranga would accept service of pleadings on behalf of the various named defendants. A response was requested by no later than 12:00 noon, Friday, March 29, 2013.

    The following day, at 11:00 a.m., on March 30, 2013, as Mr. Trope was en route to the courthouse to file the complaint in this action, he called Mr. Maranaga's office in order to discuss the contents of the e-mail sent the previous afternoon. Plaintiff's counsel, Mr. Trope, had not received any response from

Case No. CV 13-02265 DDP(AGRx)         APPLICATION FOR TEMPORARY RESTRAINING ORDER

Defendants' counsel, Mr. Maranga regarding his previously sent e-mail from the prior day. Mr. Trope was advised that Mr. Maranga was "unavailable" and that his secretary was not in the office. Mr. Trope then left a message with Mary Ann Parks, who identified herself as a secretary for the firm. Ms. Parks also indicated that she would forward Mr. Trope's message to Mr. Maranga, counsel for Defendants.

It is now April 1, 2013, four days later, and still neither the Defendants nor their identified counsel have issued any response concerning Valley's intentions to seek a TRO and Preliminary Injunction. Thus, while Plaintiff Valley anticipates Defendants' opposing this instant TRO application, Valley has exhausted all efforts to work this matter out with Defendants' counsel before filing this instant application.

DATED: April 1, 2013          Respectfully Submitted:


KAYE, MCLANE, BEDNARSKI & LITT, LLP

By: __/s/__
    Barrett S. Litt

Counsel for Plaintiffs


CENTURION LAW GROUP, P.C.

By: __/s/__
    Konrad L. Trope

ATTORNEYS FOR PLAINTIFF
VALLEY SURGICAL CENTER, INC.