BARRETT S. LITT, SBN 45527
E-Mail: blitt@kmbllaw.com
DAVID MCLANE, SBN 124952
KAYE, MCLANE, BEDNARSKI & LITT, LLP
234 Colorado Boulevard, Suite 230
Pasadena, California 91101
Telephone: (626) 844-7660
Facsimile: (626) 844-7670

KONRAD L. TROPE, SBN 133214
E-Mail: ktrope@centurionlawgroup.com
MARK S. FAULKNER, SBN 102679
CENTURION LAW GROUP, P.C.
9107 Wilshire Boulevard, Suite 450
Beverly Hills, California 90210
Telephone/Facsimile: 888-942-9997

Attorneys for Plaintiff Valley Surgical Center, LLC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| VALLEY SURGICAL CENTER, LLC, a California Limited Liability Company, <br><br> Plaintiff, <br><br> vs. <br><br> COUNTY OF LOS ANGELES, a government entity, LAKSHMANAN SATHYAVAGISWARAN, M.D., an individual, ADRIAN MARINOVICH, M.D., an individual, RAFFI DJABOURIAN, M.D., an individual, DENIS C. ASTARITA, M.D. , an individual, SELMA CALMES, M.D., an individual, JOHN KADES, an individual, ED WINTER, an individual, and DOES 1-10, <br><br> Defendants. | No.: 2:13-cv-02265 DDP-AGR <br><br> [Honorable Dean D. Pregerson] <br><br> **DISCOVERY MATTER** <br><br> Declaration of Barrett S. Litt in support of Joint Discovery Stipulation re: Plaintiff's Motion to Compel Further Production from Defendants in Response to Plaintiff's Requests for Production, Set One; Exhibits 1-15. <br><br> Complaint Filed: March 29, 2013 |

## DECLARATION OF BARRETT S. LITT

I, Barrett S. Litt, declare:

   1. I am an attorney duly licensed to practice in the State of California. I am a partner in the law firm of Kaye, McLane, Bednarski & Litt, and am counsel for Plaintiff, Valley Surgical Center, LLC. ("Valley" or "Plaintiff"), in the matter of Valley Surgical center, LLC, v. County of Los Angeles, et al., Case No. 2:13-cv-02265 DDP-AGR.

   2. This declaration is submitted in support of the Joint Stipulation re: Plaintiff's Motion to Compel Further Production from Defendants in Response to Plaintiff's Requests for Production, Set One. The facts set forth herein are within my personal knowledge or knowledge gained from review of the pertinent documents. If called upon, I could and would testify competently thereto.

   3. On May 17, 2013, Valley served an identical set of Requests for Production of Documents, Set One, on each of the Defendants in this matter.

   4. On June 19, 2013, Defendants each served responses to Valley's first set of Requests for Production. Each Defendant served responses. The objections, including asserted privileges, were the same in each response, and a single privilege log was produced identifying responsive documents withheld by each Defendant. To streamline the privileges and requests at issue, Valley has attached only Defendant County of Los Angeles Responses to Requests for Production.

   5. Attached hereto as **Exhibit 1** is a true and correct copy of Plaintiff's Amended Request for Production of Documents #1 to Defendant County of Los Angeles.

   6. Attached hereto as **Exhibit 2** is a true and correct copy of Defendant County of Los Angeles' Response to Plaintiff's Amended Request for Production of Documents, Set One.

1

7. Attached hereto as **Exhibit 3** is a true and correct copy of Defendants' Privilege Log, Served Concurrently with Defendants' Responses to Plaintiff's Request for Production, Set One.

8. Attached hereto as **Exhibit 4** is a true and correct copy of the Declaration of Sarah Ahonima in Support of Defendants' Responses to Requests for Production of Documents, Set One, propounded by Plaintiff.

9. On July 23, 2013, Valley sent a meet and confer letter by email addressing the privileges asserted by Defendants in this matter. A true and correct copy of the July 23, 2013 meet and confer letter is attached here as **Exhibit 5**. Exhibit 5 includes Valley's Response to Defendants' Privilege Log, which was not provided to Defendants until July 26 because it was inadvertently not attached to the July 23 letter.

10. Attached hereto as **Exhibit 6** a true and correct copy of Defendants' July 25, 2013, letter responding to Plaintiff's July 23 meet and confer letter.

11. On July 26, 2013, I met with Ms. Patricia Ellyatt, and Ms. Morgan Metzger, counsel for Defendants to meet and confer regarding the discovery issues. Ms. Stacey Brown, an attorney working on this matter with me, also participated in the meeting.

12. During the July 26 meeting, the parties were able to reach a resolution with respect to those documents to which Defendants asserted a privacy right. The parties agreed that Defendants would provide consumer notice pursuant to *California Code of Civil Procedure* §985.3, providing third parties an opportunity to object to the release of their records. The notice was to advise interested parties of the potential release of the documents, and of their right to file an objection with the Court if they objected to the release. If objections are received, the parties will further meet and confer about how to proceed, and then schedule a call with the Court. While this was confirmed during the meeting, Plaintiff believes that the

appropriate procedure is to set an expedited briefing schedule unless the Court believes it can properly resolve the issue without briefing.

13. With respect to those documents to which no objections are received, Defendants will produce the documents. This procedure was agreed to for the following items identified in Defendants' Privilege Log: Medical Records from Valley Surgical Center (Item 4); Medical Records from West Hills Hospital (Item 5); Organ Procurement Documents (Item 6); Death Certificate (Draft, dated 9/13/2011) (Item 19); Death Certificate (Draft, dated 1/25/2013) (Item 20); Toxicology File (Item 21). With respect to Item 21, the parties agreed that toxicology information for other individuals unrelated to the Rojeski matter would be redacted.

14. With respect to the Autopsy Photographs (Item 7), Defendants took the position that they could only release the photographs with a court order. Thus, Plaintiff seeks such an order in this motion

15. Defendants further confirmed that all individuals identified by last name in the privilege log as either an author or recipient of a document are employees/agents of the Coroner's Office. Defendants have further agreed to provide the full name and position of these individuals.

16. Defendants further clarified that, where the author or recipient of a document is identified as "privileged", that individual is not an employee or agent of the Coroner's Office.

17. Attached hereto as **Exhibit 7** is a true and correct copy of the relevant pages of the April 4, 2013, Reporter's Transcript of Proceedings *Ex Parte Motion for Temporary Restraining Order*. Pages 1-4, 8-9, 21 and 31 are attached hereto.

18. On July 24, 2013, the County of Los Angeles served subpoenas on the following governmental agencies: FBI; Department of Health and Human Services; FDA; Medical Board of California; US Department of Justice; Attorney

General, State of California; and the Joint Commission. Attached hereto as **Exhibit 8** is a true and copy of the subpoena served by Defendants on the Federal Bureau of Investigation. The categories of documents sought from the FBI are identical for each of the other agencies to whom Defendants issued a subpoena, and so only a single set of requests is provided.

19.  Attached hereto is **Exhibit 9**. I am advised and believe that Exhibit 9 is a true and correct copy of the July 26, 2013, California Medical Board hearing before Administrative Law Judge Vincent H. Nafarrette, in the matter of the Accusation Against Michael Omidi, M.D., on Dr. Michael Omidi's ("Dr. M. Omidi) motion to compel discovery responses.

20. Attached hereto is **Exhibit 10**. I am advised and believe that Exhibit 10 is a true and correct copy of the email sent from Mr. Schunke to Cindy Slaughter on February 23, 2012, and the email chain that followed which was discussed and relied on by the ALJ in the July 26, 2013 hearing before the California Medical Board on Mr. M. Omidi's motion to compel.

21. Attached hereto is **Exhibit 11**. I am advised and believe that Exhibit 11 is a true and correct copy of the declaration signed by Kevin Schunke, Staff Services Manager – Specialist, working as the Licensing Outreach Manager with the Medical Board of California, and was provided in support of the California Department of Justice's Opposition to Dr. Michael Omidi's Motion to Compel before the California Medical Board.

22. Attached hereto is **Exhibit 12**. I am advised and believe that Exhibit 12 is a true and correct copy of the Motion for Reconsideration filed in the matter of the Accusation Against Michael Omidi, M.D.

23. Attached hereto as **Exhibit 13** is a true and correct copy of Randall Murphy's July 18, 2013, letter to Konrad Trope, co-counsel for Valley in this matter, regarding discovery subpoenas issued by Valley.

4

24. Attached hereto as **Exhibit 14** is true and correct copy of the June 13, 2013, demand for preservation of evidence letter sent to the Medical Board of California in this matter.

25. Attached hereto as **Exhibit 15** is a true and correct copy of the June 13, 2013, demand for preservation of evidence letter sent to the Office of the Attorney General of California in this matter.

26. Each defendant in this matter has served five requests for production of documents on Plaintiff. Included in those requests are requests for documents relating to Julian Omidi and Michael Omidi. Defendants requested, among other things, documents relating to disciplinary actions and/or proceedings taken against Michael Omidi, Julian Omidi and/or Morton Elliot Alpert (Defendant Marinovich's RFP No. 1), and documents relating to charges or citations by the California Medical Board against Michael Omidi, Julian Omidi and/or Morton Elliot Alpert for the violation of any standards, rules or regulations (Defendant Sathyavagiswaran's RFP No. 1).

I declare under penalty of perjury that the foregoing is true and correct. Executed this 20th day of August, 2013 at Pasadena, California.

__/s/ Barrett S. Litt_____
Barrett S. Litt

5