Kenneth A. Maranga, Esq. (SBN 94116)
ken.maranga@marmorlaw.com
Patricia E. Ellyatt, Esq. (SBN 112552)
pellyatt@marmorlaw.com
Morgan A. Metzger, Esq. (SBN 273330)
mmetzger@marmorlaw.com
Patricia "Molly" Ford, Esq. (SBN 285045)
pford@marmorlaw.com
MARANGA • MORGENSTERN
A Professional Law Corporation
5850 Canoga Avenue, Suite 600
Woodland Hills, CA 91367
(818) 587-9146 ■ Fax: (818) 587-9147

Attorneys for Defendants
COUNTY OF LOS ANGELES, a government entity; LAKSHMANAN SATHYAVAGISWARAN, M.D., RAFFI DJABOURIAN, M.D., DENIS C. ASTARITA, M.D., SELMA CALMES, M.D., JOHN KADES, and ED WINTER, public employees

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| VALLEY SURGICAL CENTER, LLC, a California Limited Liability Company,<br><br>Plaintiff,<br><br>v.<br><br>COUNTY OF LOS ANGELES, a government entity, LAKSHMANAN SATHYAVAGISWARAN, M.D., an individual, ADRIAN MARINOVICH, M.D. an individual, RAFFI DJABOURIAN, M.D., an individual, DENIS C. ASTARITA, M.D., an individual, SELMA CALMES, M.D., an individual, JOHN KADES, an individual, ED WINTER, an individual and DOES 1-10,<br><br>Defendants. | **Case No. CV 13-02265 DDP (AGRx)**<br><br>[Honorable Dean D. Pregerson]<br><br>**DISCOVERY MATTER**<br><br>DEFENDANTS' SUPPLEMENTAL BRIEF TO JOINT DISCOVERY STIPULATION RE: PLAINTIFF'S MOTION TO COMPEL FURTHER PRODUCTION FROM DEFENDANTS IN RESPONSE TO PLAINTIFF'S REQUESTS FOR PRODUCTION, SET ONE<br><br>Hearing Date: September 3, 2013<br>Hearing Time: 1:30 P.M.<br>Location: Courtroom B |

///

- 1 -

## I. Ongoing Federal and Local Investigations Require that the Documents Remain Undisclosed

Plaintiff, Valley Surgical Center, LLP ("Valley") demands from Defendants, County of Los Angeles, Lakshmanan Sathyavagiswaran, M.D., Adrian Marinovich, M.D., Raffi Djabourian, M.D., Denis Astarita, M.D., Selma Calmes, M.D., John Kades, and Ed Winter ("Defendants"), disclosure of several categories of documents. The demanded documents are entitled to protection under the law enforcement investigatory privilege, as well as, the official information and deliberative process privileges. Each category of documents concern or contain information regarding the investigations of the Coroner's Office or other government law enforcement agencies relating to the death of Paula Rojeski. Defendants' claim of the law enforcement investigatory privilege is further buttressed by a communication recently received from an Assistant United States' Attorney, regarding federal investigations into Ms. Rojeski's death.

On the evening of August 20, 2013, counsel for both Valley and Defendants were sent an email from Aaron May, an attorney for the United States' Department of Justice. Declaration of Patricia M. Ford ("*Ford Decl.*"), ¶ 2-3. Counsel was informed that the United States of America ("USA") will be filing motions to intervene and stay discovery, **"on the grounds that discovery being sought in the Civil Lawsuit is interfering with a federal criminal investigation."** *Ford Decl.* ¶ 3-5, *Ex.* 1, Email from Aaron May. Mr. May further indicated that the USA intends to file its moving papers under seal, with supporting declarations to be reviewed *in camera*. This communication and the anticipated filings of the USA in this matter, add further support to the Defendants' assertions that the disputed documents are privileged under the law enforcement investigatory privilege.

In determining whether the law enforcement investigatory privilege applies, the Court employs a balancing process. Where a party is a potential defendant in any pending or potential criminal action, the balance weighs against disclosure of

Case 2:13-cv-02265-DDP-AGR Document 67 Filed 08/26/13 Page 3 of 7 Page ID #:2109

related documents. *Davis v. Carmel Clay Sch.*, 282 F.R.D. 201, 207 (S.D. Ind. 2012). Here, the Los Angeles District Attorney's Office has already indicated that their investigation, which arises out of the death of Paula Rojeski, may result in criminal proceedings. *See Joint Discovery Stipulation, Ellyatt Decl.*, ¶17, *Ex. 17*. Based upon the USA's intention to intervene and stay discovery, it appears as though federal prosecution is also being contemplated by the United States' Attorney, as a result of Ms. Rojeski's death.

Further, where it is shown that the subject investigation is incomplete, the balance will also tip in favor of non-disclosure. *Davis* at 207. Though the Rojeski investigation conducted by The Coroner's Office is complete, the Coroner's Office the Coroner's Office has specifically indicated in its supplemental report that if new information is uncovered in future investigations, it may revise the manner of death. See Joint Discovery Stipulation, *Ellyatt Decl*, *¶12, Ex 16*. In addition, based upon recent communications from both local and federal law enforcement agencies, there are also other investigations which remain open and require that the Coroner's records remain undisclosed. Both the USA and the Los Angeles County District Attorney's Office have indicated that their investigations are ongoing and that disclosure of the documents sought by Valley would interfere or constitute unwarranted intrusion into their investigations. *Ford Decl.* ¶3-5, *Ex. 1*; Joint Discovery Stipulation, *Ellyatt Decl*, *¶12, Ex 16*. Accordingly, there is clear indication that there are multiple open law enforcement investigations, which rely upon the confidentiality of the correspondence and notations in question.

II. **The Documents Sought by Valley are Subject to *In Camera* Review**

The documents Valley seeks may be suited for review during an *in camera* inspection. The Court has the discretion to hold an *in camera* review to determine the application of the law enforcement investigatory privilege. *See Youngblood v. Gates*, 112 F.R.D. 342 (C.D. Cal. 1985). The same procedure may be used to assess claims of the official information privilege. *Miller v. Pancucci*, 141 F.R.D.

- 3 -

Defendant's Supplemental Brief to Joint Discovery Stipulation

292, 301 (C.D. Cal. 1992). *In camera* review is also an appropriate mechanism to assess whether the deliberative process privilege applies. *California Native Plant Society v. U.S. E.P.A.*, 251 F.R.D. 408 (N.D. Cal. 2008). Given the sensitive nature of several ongoing investigations, the Court should not compel wholesale release of the documents. Only where party fails to make a minimal *threshold* showing of privilege, will the Court require disclosure without first reviewing the disputed documents. *Miller v. Pancucci*, 141 F.R.D. 292, 301 (C.D. Cal. 1992).

Here, Defendants have satisfied their burden, setting forth the ways in which disclosure will cause harm in this particular case. *Miller* at 301. Defendants have explained the nature of the investigation into the death of the Paula Rojeski. Defendants have offered correspondence from both federal and local law enforcement agencies, stating that there are ongoing investigations which may be impacted by the release of documents from the Coroner's Office. *See Ford Decl.* ¶ 3-5, *Ex. 1*; Joint Discovery Stipulation, *Ellyatt Decl*, ¶12, Ex 16. The privilege log provides the list of documents which contain pre-decisional deliberations and Defendants have indicated the subject matter of those documents. *See Joint Discovery Stipulation, Ex.* 3, Defendants' Privilege Log. Defendants have explained that disclosure of pre-decisional deliberative documents will stifle current and future investigations. Investigators will have legitimate fears of litigation or negative attacks if their pre-decisional communications are subject to open ridicule.

Further, Defendants have provided a declaration from the Coroner' Office, detailing the manner in which disclosure of personnel documents would be contrary to the official information privilege. *See Joint Discovery Stipulation, Ex. 4*, Declaration of Sarah Ahonima. Indiscriminate release of irrelevant personnel files will have a negative impact on the Coroner's Office relationship with its own employees and consultants. Defendants have shown that the documents requested are privileged, and that their disclosure would impair ongoing investigations, intrude on pre-decisional department deliberations and would hinder the ability of

the Coroner's Office to maintain the confidentiality of personnel files. Since Defendants have made, at a minimum, a threshold showing of privilege, if the Court has any doubts as to the application of the privileges asserted, the documents must be reviewed *in camera.*

As noted in *Kelly v. City of San Jose,* 114 F.R.D. 653, 672 (N.D.Cal. 1987), discovery disputes involving privileges, may be effectively resolved by *in camera* review. The Court has the ultimate power to weigh the balance between disclosure and the protection of information. *In camera* review of documents permits the Court to see beyond blanket assertions of privilege to assess for itself whether the information should be disclosed given the circumstances. The Court in *Kelly* noted that *in camera* inspection "adds another layer of protection against potential abuses of privilege doctrine." *Id.* at 668. Accordingly, *in camera* review of the disputed documents serves the interests of both parties, in deciphering whether the documents are entitled to privilege.

Defendants respectfully request that the Court deny Plaintiff's Motion to Compel Further Production of Documents, Set One. Alternatively, Defendants request that the Court conduct an *in camera* review of the documents in question prior to making a final determination as to disclosure of the documents.

Dated: August 26, 2013

MARANGA * MORGENSTERN

By: P. Ford
KENNETH A. MARANGA
PATRICIA E. ELLYATT
MORGAN A. METZGER
PATRICIA "MOLLY" FORD
Attorneys for Defendants
COUNTY OF LOS ANGELES, a government entity; LAKSHMANAN SATHYAVAGISWARAN, M.D., RAFFI DJABOURIAN, M.D., DENIS C. ASTARITA, M.D., SELMA CALMES, M.D., JOHN KADES, and ED WINTER, public employees

- 5 -

Defendant's Supplemental Brief to Joint Discovery Stipulation

# PROOF OF SERVICE
## [C.C.P. §1013]

STATE OF CALIFORNIA )
) ss:
COUNTY OF LOS ANGELES )

    I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 5850 Canoga Ave., Suite 600, Woodland Hills, CA 91367.

    On **August 26, 2013**, I served the foregoing document entitled **DEFENDANTS' SUPPLEMENTAL BRIEF TO JOINT DISCOVERY STIPULATION RE: PLAINTIFF'S MOTION TO COMPEL FURTHER PRODUCTION FROM DEFENDANTS IN RESPONSE TO PLAINTIFF'S REQUESTS FOR PRODUCTION, SET ONE**, on all parties in this action as follows:

### PLEASE SEE ATTACHED SERVICE LIST.

____ **By Mail**. By placing a true copy thereof enclosed in a sealed envelope. I am "readily familiar" with the firm's practice of collection and processing for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with first class postage thereon fully paid at Woodland Hills, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if the postal cancellation date or the postage meter is more than one day after day of deposit for mailing in this Proof of Service.

____ **By Telefax**. I transmitted said document by telefax to the offices of the addressees at the telefax numbers on the attached Service List.

____ **By Personal Service**. I delivered such envelope by hand to the addressee(s).

____ **By Overnight Courier**. I caused the above-referenced document(s) to be delivered to an overnight courier service for next day delivery to the above addressee(s).

____ **By Email Transmission**. I caused the abovementioned document(s) to be transmitted by email to the address(es) listed below at their respective email address(es) as listed and described below. I am "readily familiar" with this office's practice for transmissions by email. Under that practice transmissions are sent as soon as possible and are repeated, if necessary, until they are reported as complete and without error. In sending the foregoing document(s) by email, I followed this office's ordinary business practices. The sending email address is cbrodie@marmorlaw.com.

///

///

///

- 6 -

Defendant's Supplemental Brief to Joint Discovery Stipulation

The below listed individuals are registered with the Court to receive notice of electronically filed documents and will therefore be served via the Court's ECF System:

| | |
|---|---|
| Barrett S. Litt, Esq. (SBN 45527)<br>E-Mail: blitt@kmbllaw.com<br>Stacey Brown, Esq.<br>E-Mail: SBrown@littlaw.com<br>KAYE, MCLANE, BEDNARSKI & LITT, LLP<br>234 Colorado Blvd., Suite 230<br>Pasadena, California 91101<br>(626) 844-7660; FAX (626) 844-7670 | **Attorneys for Plaintiff,**<br>**VALLEY SURGICAL CENTER, LLC** |
| Konrad L. Trope, Esq. (SBN 133214)<br>E-Mail: ktrope@centurionlawgroup.com<br>Mark S. Faulkner, Esq. SBN 102679)<br>E-Mail: mfaulkner@centurionlawgroup.com<br>CENTURION LAW GROUP, P.C.<br>9107 Wilshire Blvd., Ste. 450<br>Beverly Hills, CA 90210<br>(888) 942-9997; FAX (888) 942-9997 | **Attorneys for Plaintiff,**<br>**VALLEY SURGICAL CENTER, LLC** |
| Hon. Dean D. Pregerson<br>UNITED STATES DISTRICT COURT<br>**Courtroom 3, 2nd Floor**<br>312 N. Spring Street<br>Los Angeles, CA 90012 | **(COURTESY COPY – BOX)** |
| Hon. Alicia G. Rosenberg<br>UNITED STATES DISTRICT COURT<br>**Courtroom D, 8th Floor**<br>312 N. Spring Street<br>Los Angeles, CA 90012 | **(COURTESY COPY – BOX)** |

__X__ **(Federal)** I declare under penalty of perjury that the foregoing is true and correct, and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on **August 26, 2013**, at Woodland Hills, California.

*/s/ Claudia Brodie*
Claudia Brodie

- 7 -

Defendant's Supplemental Brief to Joint Discovery Stipulation