BARRETT S. LITT, SBN 45527
E-Mail: blitt@kmbllaw.com
DAVID MCLANE, SBN 124952
KAYE, MCLANE, BEDNARSKI & LITT, LLP
234 Colorado Boulevard, Suite 230
Pasadena, California 91101
Telephone: (626) 844-7660
Facsimile: (626) 844-7670

KONRAD L. TROPE, SBN 133214
E-Mail: ktrope@centurionlawgroup.com
MARK S. FAULKNER, SBN 102679
CENTURION LAW GROUP, P.C.
9107 Wilshire Boulevard, Suite 450
Beverly Hills, California 90210
Telephone/Facsimile: 888-942-9997

Attorneys for Plaintiff Valley Surgical Center, LLC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| VALLEY SURGICAL CENTER, LLC, a California Limited Liability Company,<br><br>Plaintiff,<br><br>vs.<br><br>COUNTY OF LOS ANGELES, a government entity, LAKSHMANAN SATHYAVAGISWARAN, M.D., an individual, ADRIAN MARINOVICH, M.D., an individual, RAFFI DJABOURIAN, M.D., an individual, DENIS C. ASTARITA, M.D., an individual, SELMA CALMES, M.D., an individual, JOHN KADES, an individual, ED WINTER, an individual, and DOES 1-10,<br><br>Defendants. | No.: 2:13-cv-02265 DDP-AGR<br><br>[Honorable Dean D. Pregerson]<br><br>**DISCOVERY MATTER**<br><br>OBJECTIONS TO THE DECLARATIONS OF PATRICIA ELLYATT AND SARAH AHONIMA SUBMITTED BY DEFENDANTS IN SUPPORT OF JOINT STIPULATION RE PLAINTIFF'S MOTION TO COMPEL FURTHER PRODUCTION<br><br>Complaint Filed: March 29, 2013 |

Plaintiff Valley Surgical Center hereby submits the following objections to the declarations of Patricia Ellyatt and Sarah Ahomina submitted by Defendants in support the Joint Stipulation re: Plaintiffs' Motion to Compel Further Production:

## OBJECTIONS TO THE DECLARATION OF PATRICIA ELLYATT

### Objection 1

**Objected to Testimony**: "As early as December 1, 2011, counsel for Valley Surgical Center began transmitting correspondence to the Coroner's Office apparently, in an attempt to commandeer the Coroner's investigation and to influence the conclusions of the Coroner's Office with regard to Ms. Rojeski's death."  (Ellyatt Decl., ¶3. p. 2, lines 13-16)

**Grounds for Objection:** Lacks foundation and personal knowledge regarding when VCS began transmitting correspondence to the Coroner's Office; Lacks foundation and personal knowledge as to the purpose of the correspondence; Hearsay to the extent that it is being offered to the truth of the matter as to the purpose behind any correspondence sent to the Coroner's Office; Improper opinion testimony; Irrelevant.

### Objection 2

**Objected to Testimony:**  "Pursuant to its statutory duties under California Government Code sections 27491 and 27491.1., the Coroner's Office communicated and responded to inquiries by law enforcement agencies as to the status of the autopsy."  (Ellyatt Decl., ¶4, p. 2, lines 17-19)

**Grounds for Objection:** Lacks foundation and personal knowledge regarding communications between the Coroner's Office and law enforcement agencies; Improper opinion testimony and legal conclusion as to whether the correspondence were pursuant to statutory duties; Vague.

1

## Objection 3

**Objected to Testimony:** "After review of all available information, the Coroner's Office publicly released its Autopsy report, which included initial conclusions by medical examiners Raffi Djabourian, M.D. and Adrian Marinovich, M.D., anesthesiologist, Selma Calmes, M.D. and surgical consultant, Denis Astarita, M.D."   (Ellyatt Decl., ¶ 5. p. 2, lines 22-26)

**Grounds for Objection:** Lacks foundation and personal knowledge as to what information the Coroner's Office reviewed, and whether it was "all available information."

## Objection 4

**Objected to Testimony:** "On May 10, 2013, Valley served its first Request for Production of Documents on Defendants. However, the discovery requests were not in compliance with the Court's Order regarding limited early discovery. On May 17, 2013, Valley served additional Requests for Production of Documents. Defendants served their responses on June 19, 2013. (Ellyatt Decl., ¶7, p. 3, lines 6-8)

**Grounds for Objection:** Irrelevant; violates the best evidence rule as the first set of amended discovery requests was attached to the *Declaration of Barrett S. Litt*, as Exhibit 1.

## Objection 5

**Objected to Testimony:** "Plaintiff propounded broad requests for 1.) all documents references any communications with any person or agency regarding Ms. Rojeski's death; 2.) all documents relating to any security policies of the Coroner's Office, 3.) all documents relating to Lap Band, Julian Omidi, Michael Omidi, 1-800-GET-THIN, Valley, or any other ambulatory surgery center associated with any of them" (Ellyatt Decl., ¶8, p. 3, lines 10-16)

**Grounds for Objection:** Irrelevant; violates the best evidence rule where Valley's Discovery requests are attached to the Litt Decl., as Exhibit 1.

### Objection 6

**Objected to Testimony:** "In response to these expansive demands, Defendants timely produced documents and a detailed privilege log, identifying privileged documents by title, author, date, recipient location and applicable privilege." (Ellyatt Decl., ¶9, p. 3, line 17-19)

**Grounds for Objection:** Irrelevant; violates the best evidence rule where Defendants' Privilege Log is attached to the Litt Decl., as Exhibit 3.

### Objection 7

**Objected to Testimony:** "I am informed and believe that in cases where new information may be forthcoming, the Coroner's Office has the ability to issue its Autopsy Report, but will accept the information and supplement the report if needed." (Ellyatt Decl., ¶14, p. 4, lines 13-15)

**Grounds for Objection:** Lacks foundation and personal knowledge; vague; irrelevant.

### Objection 8

Objected to Testimony: "The Coroner's Office is informed and believes that there are several investigations undertaken by other agencies that are still in progress, which may reveal new and pertinent information." (Ellyatt Decl., ¶15, p. 4, lines 18-20.)

**Grounds for Objection:** Lacks foundation and personal knowledge; vague; irrelevant.

### Objection 9

**Objected to Testimony:** "A letter dated July 23, 2013 was addressed to Plaintiff's counsel from the Bureau of Prosecution Support Operations of the Los Angeles District Attorney's Office. A copy of this letter was mailed to my office. The letter addressed Valley's attempts to obtain autopsy photographs pursuant the State Court wrongful death action, *Michele Pelter Individually and as a Special Administrator of the Estate of Paula Rojeski v. 1-800 GET-THIN, et al.* Valley was specifically informed that [in the July 23, 2013, District Attorney letter that] "[n]o decision has yet been made by the Los Angeles County District Attorney's Office as to whether criminal charges will brought in relation to the death of decedent Rojeski. The District Attorney's Office went on to note, "[b]ecause such a prosecution is possible, our office objects to the release of the requested autopsy photographs." (Ellyatt Decl., ¶16, pp. 4, line 21, to p. 5, line 3.)

**Grounds for Objection:** Lacks foundation and personal knowledge; violates the best evidence rule as the July 23, 2013, letter is attached to Ms. Ellyatt's declaration as Exhibit 17.

### Objection 10

**Objected to Testimony:** "The internal Coroner's Office emails at issue include conversations revealing the process by which the Coroner's Office developed its investigation strategy and made decisions regarding the investigation into the death of Paula Rojeski. These emai1s were strictly within the Coroner's Office and reflect conversations regarding the execution and evolution of department policy with respect to the new situations presented by the Paula Rojeski case." (Ellyatt Decl., ¶21, p. 5, lines 19-24.

**Grounds for Objection:** Lacks foundation and personal knowledge; vague.

4

### Objection 11

**Objected to Testimony:** "These emails were strictly within the Coroner's Office and reflect conversations regarding the execution and evolution of department policy with respect to the new situations presented by the Paula Rojeski case. This case involves investigations by several state and federal law enforcement agencies."

**Grounds for Objection:** Lacks foundation and personal knowledge; hearsay; vague.

### Objection 12

**Objected to Testimony:** "Department case notes and worksheets also reflect deliberations within the Coroner's Office with regard to recommendations relating to the ultimate conclusions made by the Coroner's Office and decisions regarding the direction of the investigation." (Ellyatt Decl., ¶23, p. 6, lines 1-4)

**Grounds for Objection:** Lacks foundation and personal knowledge; hearsay; vague.

### Objection 13

**Objected to Testimony:** "Photographs from the site visit taken in December of 2011, reflect the Coroner's Office investigative process, which influenced decisions and conclusions made in the Coroner report regarding the validity of certain evidence over other evidence." (Ellyatt Decl., ¶25, p. 6, lines 9-12)

**Grounds for Objection:** Lacks foundation and personal knowledge.

### Objection 14

**Objected to Testimony:** The content of a peer review meeting regarding the Paula Rojeski investigation, discussing of the proposed conclusions regarding the

1  investigation, clearly includes deliberations forming the basis of government
2  decisions." (Ellyatt Decl., ¶26, p. 6, lines 13-16)

**Grounds for Objection:** Lacks foundation and personal knowledge, vague.

### Objection 15

**Objected to Testimony:** "The case notes sought in this matter contain information that reflects recommendations and deliberations leading up to departmental decisions regarding the Paula Rojeski investigation." (Ellyatt Decl., ¶27, p. 6, lines 17-18)

**Grounds for Objection:** Lacks foundation and personal knowledge, vague.

### Objection 16

**Objected to Testimony:** "I am informed and believe that Paula Rojeski is survived by a sister, Michele Pelter. I am also informed and believe that Ms. Pelter has not been provided with autopsy photographs and has not indicated that the Coroner's Office has permission to provide the photographs to third parties."

**Grounds for Objection:** Lacks foundation and personal knowledge; irrelevant.

### OBJECTIONS TO THE DECLARATION OF SARAH AHONIMA (EXHIBIT 3)

### Objection 17

**Objected to Testimony:** "I believe that no such potentially responsive documents exist to the request that calls for the production of 'billings for services rendered, time sheets, time accountings' rendering the time expended on the investigation into Paula Rojeski's death for Defendant, Denis C. Astarita, M.D., either

electronically or otherwise, because his is a volunteer for the Department of Coroner." (Ahonima Decl. ¶5, p. 3, lines 12-16).

**Grounds for Objection**: Lacks foundation and personal knowledge as to whether Defendant Astarita maintained billings, time sheets or time accountings, as Ahonima does not state that she reviewed Defendant Astarita's personnel file, or confirmed whether he maintained such records.

## Objection 18

**Objected to Testimony:** "Furthermore, Lakshamanan Sathyavagiswaran, M.D. did not maintain electronic "time sheets" until sometime on or around April 1, 2013. (Ahonima Decl. ¶5, p. 3, lines 16-18).

**Grounds for Objection:** Lacks foundation; lacks personal knowledge.

## Objection 19

Objected to Testimony: "As to the contents of each named defendant's personnel records (other than Defendant, Denis C. Astarita, M.D.), disclosure of the documents contained in the file would invade the privacy rights of this defendant's employees and consultants. Furthermore, this Department's employees and consultants depend upon the Department to maintain the confidentiality of their personal information." (Ahonima Decl., ¶8, p. 4, lines 1-5)

**Grounds for Objection:** Lacks foundation and personal knowledge as whether employees/consultants whose time and billings are sought depend on the confidentiality of said documents.

## Objection 20

**Objected to Testimony:** "Additionally, the coroner is a law enforcement agency pursuant to Cal. Penal Code §830.35. Thus, the Department of the Coroner

7

operates much in the same capacity as do law enforcement offices." (Ahonima Decl., ¶9, p. 4, lines 10-12.)

**Grounds for Objection**: Lacks foundation; lacks personal knowledge.

### Objection 21

**Objected to Testimony:** "Therefore, the success of the Department and its investigations depends upon the privacy afforded to the Department's employees and consultants." (Ahonima Decl., ¶9, p. 4, lines 14-16.)

**Grounds for Objection**: Lacks foundation; lacks personal knowledge; vague.

### Objection 22

**Objected to Testimony:** "Pre-decisional deliberations regarding the circumstances, manner and cause of death must freely take place without the fear of disclosure and criticism of the investigatory techniques and procedures, including any "time expended" that may be extrapolated from these records." (Ahonima Decl., ¶9, p. 4, lines16-19.)

**Grounds for Objection:** Lacks foundation; lacks personal knowledge; vague.

### Objection 21

**Objected to Testimony**: "If the Department cannot assure its employees and consultants that it will maintain such information in confidence, the Department will not be able to accomplish its functions which are mandated by the state under provisions contained in the California Government Code." (Ahonima Decl., ¶9, p. 4, lines19-23.)

**Grounds for Objection:** Lacks foundation; lacks personal knowledge; vague.

**Objection 22**

**Objected to Testimony:** "The investigations to determine the circumstances, manner and cause of those death reported to the Department of Coroner are dependent upon this Department's ability to recruit and maintain competent personnel and upon the Department's ability to protect its work force." (Ahonima Decl., ¶9, p. 4, line 23-26.)

**Grounds for Objection:** Grounds for Objection: Lacks foundation; lacks personal knowledge; vague.

DATED: August 26, 2013           Respectfully Submitted,

                                              KAYE, MCLANE, BEDNARSKI &LITT
                                              CENTURION LAW GROUP

                                              By:__/s/ Barrett S. Litt_____
                                                  Barrett S. Litt
                                                  Attorneys for Plaintiff