1

2

3                                                                    O

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                    CENTRAL DISTRICT OF CALIFORNIA

10

11   VALLEY SURGICAL CENTER LLC.,  )  Case No. CV 13-02265 DDP (AGRx)
     a California Limited          )
12   Liability Company,            )
                                   )
13                 Plaintiff,      )  **ORDER RE: PLAINTIFF'S MOTION FOR**
                                   )  **RECONSIDERATION**
14        v.                       )
                                   )
15   COUNTY OF LOS ANGELES, a      )
     government entity, et al.,    )  [Dkt. 228]
16                                 )
                   Defendants.     )
17   _____   )
                                   )
18

19        Presently before the court is Plaintiff's Motion for

20   Reconsideration of this court's Order Granting Defendants' Motion

21   to Dismiss in Part and Denying in Part.  Having considered the

22   submissions of the parties, the court grants the motion in part,

23   denies the motion in part, and adopts the following Order.

24   **I.   Background**

25        In September 2011, Paula Rojeski died after undergoing gastric

26   surgery at Plaintiff Valley Surgical Center, LLC ("Valley")'s

27   medical facility.  The Los Angeles County Coroner's Office issued a

28   Coroner's subpoena seeking to inspect Valley's anesthesia

1  equipment.  Coroner's officials entered Valley's premises to
2  inspect the equipment.  Valley alleges that, despite its protests
3  and the weight of the medical evidence to the contrary, Coroner's
4  officials made statements to the media and drafted an autopsy
5  report suggesting that Rojeski's death may have been a homicide
6  rather than an accident.  Valley further alleges that, in response
7  to its continued objections, the Coroner's Office issued a
8  supplemental autopsy report that corrected some, but not all, of
9  the errors in the original report and continued to refuse to rule
10  out homicide.  Valley's Second Amended Complaint brings several
11  causes of action alleging, in essence, that the Coroner's Office's
12  investigation against Valley was motivated by retaliatory animus
13  after Valley took issue with the participation of certain officials
14  and disputed the Coroner's account of the events surrounding
15  Rojeski's death.

16      In response to a Motion to Dismiss, this court dismissed
17  certain of Valley's claims.  With respect to a Fourth Amendment
18  claim based on the Coroner's search of Valley's facilities, the
19  court agreed with Defendants that the individual Defendants are
20  entitled to qualified immunity.  The court also sustained certain
21  retaliation claims while dismissing others.  The court sustained
22  claims based upon alleged leaks to the press and the Coroner's
23  Office's alleged "inciting a false homicide investigation" without
24  any evidence to support a conclusion of homicide rather than
25  accident.  The court dismissed, however, retaliation claims based
26  upon the Coroner's Office's amended, supplemental report, which
27  responded to some, but not all, of Valley's objections to the
28  initial autopsy report.

1    Valley now seeks reconsideration of the dismissal of its
2    Fourth Amendment claim and supplemental report-based retaliation
3    claim.

4    **II.  Legal Standard**

5    Under Federal Rule of Civil Procedure 60(b), a party may seek
6    reconsideration of a final judgment or court order for any reason
7    that justifies relief, including:

8         (1)  mistake, inadvertence, surprise, or excusable neglect;

9         (2)  newly discovered evidence that, with reasonable
             diligence, could not have been discovered in time to
10            move for a new trial under Rule 59(b);

11        (3)  fraud (whether previously called intrinsic or
             extrinsic), misrepresentation, or misconduct by an
12            opposing party;

13        (4)  the judgment is void;

14        (5)  the judgment has been released or discharged; it is
             based on an earlier judgment that has been reversed or
15            vacated; or applying it prospectively is no longer
             equitable; or
16
17        (6)  any other reason that justifies relief.

Fed. R. Civ. P. 60(b)(1)-(6).

18    Central District of California Local Rule 7-18 further
19    explains that reasons to support a motion for reconsideration
20    include:
21
22        (a) a material difference in fact or law from that
          presented to the Court . . . that . . . could not have been
          known to the party moving for reconsideration at the time
23        of such decision, or (b) the emergence of new material
          facts or a change of law occurring after the time of such
24        decision, or (c) a manifest showing of a failure to
          consider material facts presented to the Court before such
25        decision.

26    C.D. Cal. L.R. 7-18.  A motion for reconsideration may not,
27    however, "in any manner repeat any oral or written argument made in
28    support of or in opposition to the original motion."  <u>Id.</u>

## III. Discussion

A.    Fourth Amendment Claim[1]

The question before the court on reconsideration is whether the individual Defendants are entitled to qualified immunity from Valley's Fourth Amendment claim regarding the Coroner's administrative search, conducted pursuant to a coroner's subpoena. The Supreme Court has established a two-part test for determining if an official is entitled to qualified immunity: (1) whether the allegations, if true, establish a constitutional violation, and (2) whether the constitutional violation was clearly established. Pearson v. Callahan, 555 U.S. 223, 235-36 (2009).  The second part of the test requires two separate determinations: (1) whether the law governing the conduct at issue was clearly established, such that it is "sufficiently clear that a reasonable official would understand that what he is doing violates that right," and (2) whether the facts as alleged could support a reasonable belief that the conduct in question conformed to the established law. Saucier v. Katz, 533 U.S. 194, 202 (2001) (internal quotation and citation omitted); Act Up!/Portland v. Bagley, 988 F.2d 868, 873 (9th Cir. 1993).  The court may, in its discretion, address the "clearly established" prong of the qualified immunity test prior to the constitutional violation prong.  Pearson, 555 U.S. at 236.

In California, a coroner has broad power to issue subpoenas "returnable forthwith or at such time and place as the coroner appoints," and to compel witnesses to produce "any books, records,

---

[1] As the court noted, arguments regarding qualified immunity and the applicability of California's administrative warrant scheme were introduced, but not well-developed.  The court finds the issue suitable for consideration at this stage.

documents, or other things under the control of the witness which, in the opinion of the coroner, are necessary to the conduct of the inquest . . . ."  Cal. Gov't Code Sec. 27498(a).  Here, Coroner's officials arrived at Valley's facilities on December 5, 2011 with a subpoena, dated that day, to inspect the anesthesia equipment. Coroner's officials proceeded to enter and search the premises immediately after serving the subpoena.  Without reaching the constitutionality of that search, the court concludes that a reasonable Coroner's Office official would not necessarily have known in 2011 that she could not conduct an administrative search on the basis of the coroner's subpoena.

Valley has now fully developed a colorable argument that such a search could only have been conducted with an inspection warrant issued pursuant to California Code of Civil Procedure § 1822.50-1822.57.  "[A]dministrative searches generally require warrants." Pinney v. Phillips, 230 Cal. App. 3d 1570, 1582 (1991) (citing Michigan v. Clifford, 464 U.S. 287, 291-92 (1984).  California's inspection warrant regime defines inspection warrants as orders compelling inspections required or authorized by laws or regulations "relating to building, fire, safety, plumbing, electrical, health, labor, or zoning."  Cal. Code of Civil Procedure § 1822.50 (emphases added).  There is little doubt that at least some statutes pertaining to the Coroner's authority and responsibilities fall within the general purview of health and safety.  See, e.g. People v. Roehler, 167 Cal. App. 3d 353, 374 (1985).

Nevertheless, and contrary to Valley's argument, Roehler does not definitively establish that California's inspection warrant

regime applies to county coroners.  The <u>Roehler</u> court addressed no such question, but rather analyzed whether a particular warrant, issued with respect to a location outside a coroner's subpoena jurisdiction, was supported by probable cause.  <u>Roehler</u>, 167 Cal. App. 3d at 371, 380.  Nor does the inspection warrant statutory scheme clearly delineate its own bounds.  Code of Civil Procedure § 1822.52, for example, provides that sufficient cause for issuance of a warrant exists where "standards for conducting a <u>routine or area</u> inspection are satisfied . . . or there is reason to believe that a <u>nonconformity</u> exists."  Cal. Code of Civ. P. § 1822.52 (emphases added).  Although easily applicable to building, zoning, plumbing, and other types of regulations, the relevance of this inspection warrant language is less clear with respect to coroner's investigations that are, almost by definition, not routine.  <u>See</u> Cal. Gov't Code § 27491 (articulating coroner's responsibility to investigate "violent, sudden, or unusual deaths").

Nor is it clear whether an exception to the administrative warrant requirement applies to coroner's searches of a surgery facility conducted pursuant to a subpoena.  California courts have recognized "two sets of rules governing administrative searches[,]" one concerning "general regulatory schemes" and the other involving "specific licensed industries."  <u>People v. Firstenberg</u>, 155 Cal.App.3d 570, 578-579 (1979).  Under the latter framework, exceptions to the warrant requirement apply to certain "closely regulated" businesses.  <u>See</u>, <u>e.g.</u> <u>City of Los Angeles v. Patel</u>, 135 S.Ct. 2443, 2454-55 (2015).  Although that exception is narrow, federal and California courts have nevertheless applied it to industries ranging from automobile junkyards to wholesale fish

operations to "the health care industry." <u>Firstenberg</u>, 155 Cal.
App. 3d at 579; <u>New York v. Burger</u>, 482 U.S. 691 (1987); <u>People v.
Harbor Hut Restaurant</u>, 147 Cal. App. 3d 1151, 1155-56 (1983).  This
court declines to address whether an ambulatory surgery center such
as Valley qualifies as part of the "health care industry" or some
other closely regulated industry.  This court also expresses no
opinion on the question whether, even if Valley does qualify as
"highly regulated," a warrant exception would apply to the Coroner,
who plays no role in that regulation.  Nevertheless, it would not
have been unreasonable for a coroner's official to have so assumed.

    Nor is it clearly established whether other, broader
exceptions might apply.  In <u>City of Los Angeles v. Patel</u>, for
example, the Supreme Court stated recently that "in order for an
administrative search to be constitutional, the subject of the
search must be afforded an opportunity to obtain precompliance
review before a neutral decisionmaker." <u>Patel</u>, 1325 S.Ct. at 2452.
In <u>Patel</u>, the Court struck down a statute requiring hotel clerks to
immediately turn over hotel registries at the request of a police
officer. <u>Patel</u>, 1325 S.St. at 2456-57.  In so doing, however, the
Court observed that the searches "would be constitutional if they
were performed pursuant to an administrative subpoena." <u>Id.</u> at
2453.  Under such circumstances, the court explained, a hotel
operator would be free to move to quash the subpoena and obtain
judicial review, thus mitigating Fourth Amendment concerns. <u>Id.</u>
The subpoena provision at issue here contains precisely such
protections.  When a witness refuses to comply with a coroner's
subpoena, the coroner's only recourse is to obtain an order to show
cause from the local superior court, which then takes jurisdiction

1  over the matter.  Cal. Gov't Code § 27498(a).  It is not "clearly

2  established," therefore, whether a coroner's subpoena includes

3  sufficient procedural protections to satisfy the Fourth Amendment

4  in the absence of an inspection warrant.[2]

5      To be clear, this court states no opinion as to whether the

6  search here was constitutional, and Valley has not raised any

7  facial challenge to California Government Code § 27498(a).

8  Defendants, for their part, have not attempted to argue that the

9  "closely regulated business" exception, or any other exception, to

10 the administrative warrant requirement applies.  Given the various

11 possibilities of an exception, however, it cannot be said that a

12 reasonable coroner's official would have known that a statute

13 giving her the power to issue a subpoena returnable "at such time

14 and place as the coroner appoints," and to compel the production of

15 "any . . .things under the control of the witness which, in the

16 opinion of the coroner, are necessary to the conduct of the

17 inquest" would not also authorize her to inspect Valley's

18 anesthesia equipment on-site.  The individual Defendants are,

19 therefore, entitled to qualified immunity from Valley's Fourth

20 Amendment claim.

21     B.   Amended Autopsy Report

22     This court dismissed retaliation claims premised upon the

23 issuance of the amended, supplemental autopsy report.  (Order at

24 12).  The court concluded that, despite Valley's allegations that

25 the Coroner's Office issued the amended, partially corrected report

26

27      [2] Although Defendants' Opposition cites to <u>Patel</u>, Valley's
   reply makes no mention of the case, let alone argue whether the
28 "special needs" or other factors underlying the Court's decision
   are present here.

in retaliation for Valley's objections to the initial report, the "obvious alternative explanation" was that the Coroner considered Valley's objections and adopted some, but not all, of Valley's proposed changes.  See Iqbal, 556 U.S. at 682.

The court did, however, let stand other retaliation claims. While noting that the issue was a close one, the court let stand allegations that Defendants "incit[ed] a false homicide investigation," pointing to a combination of a potentially suspiciously-timed leak to the media and allegations, purportedly supported by expert analysis, that the medical evidence definitively established that Rojeski's death was an accident, not a homicide.  The court further found that the timing and alleged purpose of the administrative search, as stated by Coroner's officials, could support an inference of retaliation.

Upon reconsideration, the court concludes that retaliation claims regarding the amended autopsy report are sufficient to survive a motion to dismiss.  Standing alone, such claims remain implausible and subject to the obvious explanation that Defendants amended the report because they agreed with some of Valley's criticisms.  Nevertheless, claims based upon the amended report are inextricably intertwined with the other, more viable claims. In conjunction with claims that Defendants pursued, and leaked the existence of, a homicide investigation unsupportable by the medical evidence, Defendants' later insistence on adhering in the supplemental autopsy report to the core conclusion that homicide was a potential cause of Rojeski's death could have been the product of retaliatory animus.

**IV.   Conclusion**

For the reasons stated above, Valley's Motion for Reconsideration is GRANTED in part and DENIED in part.  The motion is granted with respect to retaliation claims premised upon the amended autopsy report.  The motion is denied with respect to the Fourth Amendment claim.  Any amended complaint in accordance with this Order shall be filed within fourteen days of the issuance of this Order.

IT IS SO ORDERED.

Dated: May 23, 2016

DEAN D. PREGERSON
United States District Judge