O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| VALLEY SURGICAL CENTER LLC., a California Limited Liability Company,<br><br>              Plaintiff,<br><br>   v.<br><br>COUNTY OF LOS ANGELES, a government entity, et al.,<br><br>             Defendants. | Case No. CV 13-02265 DDP (AGRx)<br><br>**ORDER RE: PLAINTIFF'S MOTION FOR REVIEW OF MAGISTRATE JUDGE'S ORDER DENYING MOTION TO QUASH SUBPOENA** |

Presently before the court is Plaintiff Valley Surgical Center LLC ("Valley Surgical")'s Motion for Relief From The October 19, 2017 Order Of The Magistrate Judge (Dkt. 351.) Having considered the motion and heard oral argument, the court denies the motion and adopts the following Order.

**I.   Background**

The facts of this case are well known to the parties. Plaintiff operates a Lap-Band obesity surgery center. In 2011, Paula Rojeski died after a surgical procedure at Valley Surgical's facility. Following Rojeski's death, Valley Surgical convened a

Peer Review panel to discuss the incident.[1]  (Declaration of Brian Oxman ¶ 2.)  Dr. Martin Flynn ("Flynn") participated as an independently contracted consulting Peer Reviewer.  (Id. ¶ 3.)  In that capacity, he signed a confidentiality agreement.  (Id. at 5.)  At some point, Flynn surreptitiously recorded a conversation with another Peer Reviewer.

Now, in this case, Defendant Selma Calmes ("Calmes") has subpoenaed Dr. Flynn for deposition.  On September 21, 2017, Valley Surgical filed an emergency ex parte application to quash the subpoena.  Valley Surgical argued, among other things, that Calmes' subpoena of Dr. Flynn should be quashed because Flynn obtained information unlawfully and because he had signed a confidentiality agreement.  (Dkt. 317 at 9, 15.)

Calmes filed an opposition to Valley Surgical's opposition the next day.  (Dkt. 322.)  In response to Valley Surgical's arguments regarding confidentiality, Calmes asserted that Flynn would not be asked to testify about any confidential trade secrets and contended that "the fact that Dr. Flynn . . . signed confidentiality agreements should not preclude [him] from testifying.  The parties have already contemplated that the course of discovery would require the disclosure of confidential information.  For that reason, the parties entered into a Stipulated Protective Order . . . . ."  (Dkt. 322 at 7-8.)

The Magistrate Judge held a hearing on September 25, 2017.  After the hearing, the Magistrate Judge issue a written order requiring Calmes to file "a supplemental declaration that attaches

---

[1] The parties dispute whether the primary purpose of the Peer Review panel was preparation for litigation or quality assurance.

2

[] a copy of [certain] overnight letters . . .; [] nonprivileged documentation [related to] when the Coroner's Office first received Dr. Flynn's report(s) . . ., and [] a copy of the Autopsy Report for Rojeski . . . ." (Dkt. 329.) The Magistrate Judge stayed Dr. Flynn's deposition pending further order of the court.

On October 6, 2017, Calmes filed a declaration, including the documents the Magistrate Judge ordered Calmes to attach. (Dkt. 355.) At the same time, however, Calmes also filed "Supplemental Briefing In Support of Opposition to Plaintiff's Ex Parte Application" ("the Supplemental Opposition") (Dkt. 334). On October 9, Valley Surgical filed an application to strike the Supplemental Opposition. (Dkt. 337.) On October 19, the Magistrate Judge issued a Minute Order denying Valley Surgical's ex parte application to quash the subpoena and denying Valley Surgical's application to strike Calmes' Supplemental Opposition. (Dkt. 344). Valley Surgical now seeks review of the Magistrate Judge's Minute Order.

**II. Legal Standard**

A district judge may refer certain nondispositive pretrial matters to a magistrate judge. 28 U.S.C. § 636(b)(1)(A). After the referral, the district judge can reconsider the magistrate judge's decision if "it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." Id.; see also Fed. R. Civ. P. 72(a) ("The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law."). Under this standard, the Court will "overturn the magistrate judge's ruling only if the district court is left with the definite and firm

3

conviction that a mistake has been made." Computer Econ., Inc. v. Gartner Group, Inc., 50 F. Supp. 2d 980, 983 (S.D. Cal. 1999). "The magistrate's factual determinations are reviewed for clear error, and the magistrate's legal conclusions are reviewed to determine whether they are contrary to law." Perry v. Schwarzenegger, 268 F.R.D. 344, 348 (N.D. Cal. 2010). This Court reviews a magistrate's legal conclusions de novo. Columbia Pictures, Inc. v. Bunnell, 245 F.R.D. 443, 446 (C.D. Cal. 2007). In the discovery context, however, magistrate judges are "afforded broad discretion, which will be overruled only if abused." Id. (citation omitted).

**III. Discussion**

    A.  Waiver

Valley Surgical argues first that the magistrate judge erred by not concluding that Calmes waived any argument that Flynn's confidentiality agreement does not bar him from responding to a subpoena. Valley Surgical acknowledges that Calmes' written opposition to Valley Surgical's ex parte application states that "the fact that Dr. Flynn . . . signed confidentiality agreements should not preclude [him] from testifying." Nevertheless, Valley Surgical argues that Calmes waived the argument by not elaborating further. That argument is not persuasive. Although courts may, as Valley Surgical points out, consider unsupported arguments to be waived, and Calmes certainly could have developed her argument in more detail, this Court is mindful of the fact that Calmes filed her opposition to Valley Surgical's ex parte application less than twenty-four hours after the filing of the application. Furthermore, as discussed below, Valley Surgical's argument, which

4

the magistrate judge characterized as bordering on frivolous, did not necessarily warrant further discussion beyond Calmes' straightforward refutation.  Under these circumstances, and considering the broad discretion afforded to magistrate judges, this Court cannot conclude that the magistrate judge erred in any way by declining to conclude that Calmes waived any argument regarding the effect of Flynn's confidentiality agreements.

   B. Application to Strike

   Valley Surgical also argues that the Magistrate Judge's decision was contrary to law to the extent that the Magistrate Judge denied Valley Surgical's Application to Strike.  Central District of California Local Rule 7-10 provides that while a moving party may file a reply memorandum, "[a]bsent prior written order of the Court, the opposing party shall not file a response to the reply."  C.D. Cal. L.R. 7-10.  Following the hearing on Valley Surgical's ex parte application to quash, Calmes filed "Supplemental Briefing in Support of Opposition."  Although Valley Surgical moved to strike the Supplemental Opposition, the magistrate judge denied Valley Surgical's motion to strike without explanation.

   Calmes contends that her "supplemental briefing was filed pursuant to the Magistrate Judge's order requesting submission of additional briefing . . .[,]" and that the "supplemental briefing was filed pursuant to the Magistrate's request . . . ." (Opposition at 4:28-5:1, 5:5).  That argument is disingenuous.  The magistrate judge never ordered Calmes to file supplemental <u>briefing</u>.  The magistrate judge's Order only directed Calmes to file a supplemental <u>declaration</u> and attach certain evidence.

5

Calmes, therefore, filed her Supplemental Opposition in violation of Local Rule 7-10.

The question remains whether the Magistrate Judge's denial of Valley Surgical's Application to Strike was contrary to law. Columbia Pictures, 245 F.R.D. at 446 (C.D. Cal. 2007); See also Equal Employment Opportunity Comm'n v. Peters' Bakery, 301 F.R.D. 482, 486 (N.D. Cal. 2014) (applying de novo standard where magistrate judge's order did not explain rationale for decision). A court's local rules have the force of federal law, and are binding upon both the parties and the court. In re Corrinet, 645 F.3d 1141, 1146 (9th Cir. 2011) (discussing Prof'l Programs Grp. v. Dep't of Commerce, 29 F.3d 1349, 1353 (9th Cir. 1994)). "District courts have broad discretion and interpreting their local rules." Simmons v. Navajo Cty., Ariz., 609 F.3d 1011, 1017 (9th Cir. 2010) (quoting Miranda v. S. Pac. Transp. Co., 710 F.2d 516, 521 (9th Cir.1983)). Nevertheless, a departure from the local rules is only justified if the effect of such departure is slight. Prof'l Programs Grp. v. Dep't of Commerce, 29 F.3d 1349 at 1353. Where, in contrast, deviation from the local rules would affect "substantial rights," such deviation warrants reversal. Id.

Valley Surgical asserts that the magistrate judge's Order "materially relied" upon arguments Calmes raised for the first time in her unauthorized Supplemental Opposition and to which Valley Surgical was not afforded the opportunity to respond. (Motion at 10:13-15.) Were that the case, the magistrate judge's decision not to strike the Supplemental Opposition would have seriously affected

Valley Surgical's right to be heard.[2] Notwithstanding Valley Surgical's characterization, however, it does not appear that the Magistrate Judge's deviation from Local Rule 7-10 had more than a slight effect, if any. Although the Magistrate Judge's Order acknowledges the filing of Calmes' Supplemental Opposition and denies Valley Surgical's Application to Strike, the magistrate judge's ruling regarding Dr. Flynn does not appear to refer to or otherwise rely upon any of the arguments raised in the Supplemental Opposition. (Dkt. 344 at 2-5.)

In any event, even if the magistrate judge should have granted Valley Surgical's Application to Strike the Supplemental Opposition, it would have remained, and remains at this stage, Valley Surgical's burden to demonstrate that the subpoena should be quashed. See, e.g., Moon v. SCP Pool Corp., 232 F.R.D. 633, 637 (C.D. Cal. 2005). This Court will review de novo Valley Surgical's argument that, as a matter of law, a confidentiality agreement prevents Dr. Flynn from disclosing at deposition any confidential information. (Motion at 19:1-3.)

Although Valley Surgical makes no mention of it, Federal Rule of Civil Procedure 26(b)(1) provides that parties:

> may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely

---

[2] This Court notes that although Valley Surgical did move to strike the Supplemental Opposition, it did not seek leave to file a surreply or otherwise address the merits of Calmes' Supplemental Opposition.

7

>     benefit. Information within this scope of discovery need
>     not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26. Valley Surgical relies upon a single case, <u>National Abortion Federation v. Center for Medical Progress</u>, 2016 WL 454082 (N.D. Cal. Feb. 5, 2016) ("<u>NAF</u>") for the proposition that the subpoena to Dr. Flynn <u>must</u> be quashed under Federal Rule of Civil Procedure 45(d)(3)(a)(iii) because Valley Surgical entered into confidentiality agreements with him.[3][4] In <u>NAF</u>, the defendants, members of an anti-abortion group, gained access to National Abortion Federation meetings under false pretenses and, as a condition of attendance, signed confidentiality agreements. The defendants then made surreptitious recordings and released some of the recordings to the public. The NAF sued and sought to enjoin the defendants from releasing additional recordings. In weighing the relevant preliminary injunction factors, the district court concluded that the plaintiff was likely to succeed on the merits of its breach of contract claims and that the defendant's First Amendment interests were not only likely waived, but were also outweighed by plaintiff's privacy interests and safety concerns in the face of harassment and death threats. The court therefore enjoined the defendants from releasing any recordings or

---

[3] Valley Surgical may not avoid applicable page limitations by simply "reincorporating" arguments from other pleadings "as if fully set forth." (Motion at 19:3)

[4] Rule 45(d)(3)(a)(iii) provides that a court must quash a subpoena that "requires disclosure of privileged or other protected matter, if no exception or waiver applies." Fed. R. Civ. P. 45(d)(3)(a)(iii). Rule 45(d)(3)(b)(i), however, provides that a court <u>may</u> quash a subpoena that requires "disclosing a trade secret or other confidential research, development, or commercial information." Fed. R. Civ. P. 45(d)(3)(b)(i).

8

confidential information learned at the NAF meetings.  NAF, 2016 WL 454082 at *26.

Valley Surgical's reliance on NAF is misplaced.  Although NAF did involve questions regarding confidentiality agreements, it has nothing to do with discovery issues, and makes no mention of the broad reach of Rule 26(b)(1), let alone suggests that the mere existence of a written contract necessarily shields confidential information from discovery.  Indeed, several courts have rejected that very argument, concluding instead that "[c]onfidentiality agreements do not bar discovery, and a general interest in protecting confidentiality does not equate to privilege."  In re Application of O'keeffe, No. 14-CV-01518 RFB-CWH, 2016 WL 2771697, at *4 (D. Nev. Apr. 4, 2016) (collecting cases); see also Geller v. von Hagens, 278 F.R.D. 572, 575 (S.D. Cal. 2011) (explaining difference between privilege and confidentiality and the different standards applicable to each type of claim); Eastman v. Allstate Ins. Co., No. 3:14-CV-00703-WQH, 2015 WL 4393287, at *7 (S.D. Cal. July 15, 2015) ("[C]ourts have long refused to recognize any absolute privilege for trade secrets and similar confidential information in favor of a case-by-case approach that balances privacy against the need for disclosure.  Other confidential business information is generally afforded even less protection . . . ." (internal quotation marks and citations omitted)).

Accordingly, the magistrate judge's legal conclusion that NAF does not require a court to quash a subpoena to a party to a confidentiality agreement was not in error.

C.  State Court Proceedings

Lastly, Valley Surgical argues, briefly, that the magistrate judge committed legal error by concluding that a question regarding "Flynn's contractual prohibition to disclose" currently pending in California state court litigation would not affect this case. (Motion at 22-23.) Valley Surgical does not explain its contention that the magistrate judge's order is contrary to law beyond asserting that "this Court should abstain because the issue of contractual prohibition is state law issue [sic]." (Mot. at 23:13-14.) It is unclear to this Court, however, how any state court determination regarding the confidentiality agreements could possibly affect the scope of permissible discovery in this federal civil rights action. Under any standard of review, the magistrate judge did not err in concluding that state court proceedings do not justify the quashing of the subpoena to Dr. Flynn.

**IV. Conclusion**

For the reasons stated above, Valley Surgical's Motion for Review is DENIED.[5]

IT IS SO ORDERED.

Dated: May 11, 2018

DEAN D. PREGERSON
United States District Judge

---

[5] The court does not address several claims regarding privilege that Valley Surgical raises for the first time on this motion and were never presented to the magistrate judge. Although Valley Surgical suggests that it would have raised the arguments in response to Calmes' Supplemental Opposition, the court observes that (1) Valley Surgical never sought leave to address the Supplemental Opposition, (2) the magistrate judge does not appear to have relied upon the Supplemental Opposition, and (3) this Court has not considered the Supplemental Opposition. Furthermore, to the extent that Valley Surgical's arguments depend on the existence of a federal peer review privilege, this Court notes that the Ninth Circuit has observed that no such privilege exists, and has explicitly declined to create one. Agster v. Maricopa Cty., 422 F.3d 836, 839 (9th Cir. 2005).

11