O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| VALLEY SURGICAL CENTER LLC., a California Limited Liability Company,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>COUNTY OF LOS ANGELES, a government entity, et al.,<br><br>　　　　　　Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Case No.  CV 13-02265 DDP (AGRx)<br><br>**ORDER DENYING PLAINTIFF'S EX PARTE APPLICATION FOR EXTENSION OF TIME TO FILE RESPONSES AND OTHER COURT DEADLINES**<br><br>[Dkt. 528] |

　　　Presently before the court is Plaintiff's Ex Parte Application for extension of time to file responses to Defendants' Motions for Summary Judgment and to extend other court deadlines sixty days.  Having considered the submissions of the parties, the court denies the ex-parte application and adopts the following Order.

///

///

**I.  Background**

The court has set forth the basic facts of this case in its prior orders.  (See Dkts. 226, 237, 263.)  Relevant here, the court issued a scheduling order on September 17, 2018 establishing the following deadlines: May 16, 2019 (expert disclosures); June 21, 2019 (rebuttal experts); June 21, 2019 (fact discovery); June 21, 2019 (last day to file motions); August 30, 2019 (expert discovery cut-off); September 9, 2019 (final pretrial); September 17, 2019 (trial).

On February 28, 2019, the court granted Plaintiff's counsel's motion to withdraw and ordered Plaintiff to obtain new counsel by March 13, 2019.  (Dkt. 468.)  On March 14, 2019, attorney Francis Flynn appeared on behalf of Plaintiff.  (Dkt. 469.)  On May 16, 2019, the last day to designate experts, Plaintiff designated its experts and disclosed their reports.  (Dkt. 490-1.)  Shortly thereafter, on June 2, 2019, attorney Francis Flynn, moved to be relieved as counsel.  (Dkt. 471.)  On June 20, 2019, the court granted the motion and ordered Plaintiff to obtain new counsel by July 4, 2019.  (Dkt. 482.)  On June 21, 2019, the last day to file dispositive motions, Defendants filed Motions for Summary Judgment. Defendants noticed the motions for August 6, 2019, allowing twenty-eight days for any new counsel to oppose the motions.  On July 4, 2019, attorney Casey Yim appeared on behalf of Plaintiff.  (Dkt. 501.)

On June 28, 2019, Plaintiff filed an ex-parte application to extend discovery.  (Dkt. 498.)  The court ordered the ex-parte stricken, however, on July 5, 2019, aware of the issues described in Plaintiff's ex-parte application because it was not filed by counsel of record, the court re-opened fact discovery and extended the motion cut-off date to October 21, 2019.  (Dkt. 502.)  On July 15, 2019, Plaintiff filed another ex-parte application this time requesting an extension of time to oppose Defendants' Motions for Summary Judgment.  (Dkt. 516.)  The court granted Plaintiff's ex-parte and ordered any opposition to be filed by August 12, 2019.  (Dkt. 523.)

On July 25, 2019, Plaintiff notified the court of attorney Casey Yim's death. (Dkt. 524.) In response to counsel's death, the court ordered Plaintiff to obtain counsel by August 16, 2019, and extended Plaintiff's opposition deadline to September 3, 2019. (Dkt. 525.) On August 16, 2019, attorney Mark Madison appeared on behalf of Plaintiff. (Dkt. 527.) On August 23, 2019, Plaintiff filed the present ex-parte application requesting the court to reopen expert designation and to extend all deadlines sixty days.

**II.     Discussion**

"A schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). The court finds that Plaintiff has not demonstrated good cause to first, re-open the time to designate experts, and second, to extend all future deadlines by sixty days. Expert disclosures and reports were due on May 16, 2019, nearly ninety days ago. Plaintiff, through counsel, timely disclosed its experts and reports on May 16, 2019. Plaintiff has not demonstrated good cause to reopen these expert deadlines.

Further, Plaintiff has not demonstrated good cause for a sixty-day extension to file its opposition to the pending motions. The motions have been pending before the court since June 21, 2019—the last day to file motions according the court's scheduling order. While the court is sensitive to the unexpected death of prior counsel, Plaintiff's new counsel had notice of the pending motions since at least August 16, when he appeared on behalf of Plaintiff. Moreover, Plaintiff did not file the present ex-parte until seven days after new counsel's appearance. Plaintiff asserts that the time to oppose the motions was insufficient because counsel had to review a lengthy record, counsel had other cases to attend to, and counsel is working to obtain Plaintiff's records from prior counsel. In light of the lengthy history of this case as presented above, and the sufficient notice Plaintiff's counsel had regarding the set deadlines, the court finds that Plaintiff's reasons are insufficient to demonstrate good cause.

///

**III.    Conclusion**

    The court denies Plaintiff's ex-parte application to re-open expert disclosures for lack of good cause shown.  The court further denies Plaintiff's request to extend all dates sixty days.  However, the court grants a limited extension for Plaintiff's oppositions to the pending motions before this court.  Oppositions shall be filed on or before September 9, 2019.  All remaining dates shall remain unchanged.

**IT IS SO ORDERED.**

Dated: 8/30/2019

                                                         DEAN D. PREGERSON

                                         UNITED STATES DISTRICT JUDGE