WILLIAM WELDEN, ESQ. (SBN: 117056)
  wbwlaw@gmail.com
**LAW OFFICE OF WILLIAM WELDEN**
9663 S ANTA M ONICA B LVD, N O. 234
B EVERLY H ILLS, C ALIFORNIA 90210
(310) 947 – 4633  | T ELEPHONE

MARK E. MADISON, ESQ. (SBN: 158786)
  mmadison243@gmail.com
**LAW OFFICE OF MARK MADISON**
1440 N ORTH H ARBOR B OULEVARD, S UITE 900
F ULLERTON, C ALIFORNIA 92835
(310) 449 – 3365  | T ELEPHONE

*Attorneys for Plaintiff*, VALLEY SURGICAL CENTER, LLC.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| VALLEY SURGICAL CENTER LLC, a California Limited Liability Company,<br><br>Plaintiff,<br><br>vs.<br><br>COUNTY OF LOS ANGELES, a government entity, LAKSHMANAN SATHYAVAGISWARAN, M.D., an individual, ADRIAN MARINOVICH, M.D., an individual, RAFFI DJABOURIAN, M.D. , an individual, DENIS C. ASTARITA, M.D. , an individual, SELMA CALMES, M.D., an individual, JOHN KADES, an individual, ED WINTER, an individual, and DOES 1-10,<br><br>Defendants. | Case No. CV 13-02265 DDP (AGRx)<br><br>**VALLEY SURGICAL CENTER'S CORRECTED REQUEST FOR ORAL ARGUMENT AND HEARING ON MOTION FOR RELIEF UNDER FRCP 60 (b) FILED JULY 15, 2020 DKT. 621**<br><br>*Previous Hearing Date*: August 24, 2020<br><br>*Previous Hearing Time*:    10:00 a.m.<br><br>*Courtroom*:    9C<br><br>H ONORABLE D EAN D. P REGERSON |

## TABLE OF CONTENTS

Page

A. Introduction ........................................................................................................1

B. Oral Argument Will Assist the Court in Examining Defendants' Fraud ............2

C. The Circumstances of this Case Warrant Oral Argument ..................................3

D. The Facts Warrant Oral Argument .....................................................................4

E. Oral Argument Will Expose Defendant Winter's Fraud ....................................7

F. Conclusion ..........................................................................................................9

PROOF OF SERVICE ..................................................................................................10

A. **Introduction**

Plaintiff Valley Surgical Center, LLC ("Valley") requests the Court to hold Oral Argument and a Hearing on Valley's pending Motion under Fed.R.Civ.P. 60(b) for an order relieving Valley from the Court's October 29, 2019, Order granting Summary Judgment and the Order of July 9, 2020, denying Valley's Motion for Reconsideration. On August 21, 2020, the Court took the Oral Argument for this Motion Off-Calendar. However, Valley requests the opportunity to be heard orally because the Court has been subjected to a fraud from Defendant Ed Winter, and the October 29, 2019, Order granting summary judgment was the product of fraud.

Defendant Winter perjured himself at his Deposition of August 6, 2020, and that new act of false testimony, not available prior to August 6, 2020, demonstrates a fraud on the Court and that Oral Argument is essential in this Fed.R.Civ.P. 60(b) Motion. Defendant's Counsel needs to stand before this Court and answer the critical questions of "why' identified below. *Jasinski v. Showboat Operating Co.*, 644 F.2d 1277, 1281 (9th Cir. 1981) ("We cannot know what effect oral argument would have had upon the district court, or what new arguments and emphases might have emerged from the colloquy between court and counsel"). Valley's Counsel wishes to graphically show at Oral Argument the inconsistency in Winter's false testimony demonstrating a 42 U.S.C. section 1983 violation and which procured the October 29, 2019, Order:

(1) Why is there not a material issue of fact as to whether Defendant Winter reported the Rojeski Death as a homicide to the FDA, FBI, California Medical Board, LA District Attorney, and LA Police Department when Defendant Winter stated in his August 6, 2020, Deposition he cannot recall what he said to the FDA, FBI, California Medical Board, LA District Attorney, or LA Police Department?

(2) Why did Defendant Winter testify under penalty of perjury that "I did not inform any agency that the manner of death was 'homicide'" (Dkt. 492-6 Winter 6-19-19 Dec., p. 2, lies 1-2), when Brian Oxman testifies (Dkt. 626-1) that on January 15, 2012, and January 24, 2012, Defendant Winter told him, Dr. Michael Sedrak, and Attorney

Konrad Trope that Defendants had already reported the Rojeski case as a homicide to the FDA, FBI, California Medical Board, LA District Attorney, and LA Police Department?

(3)  Why is there not a material issue of fact as to whether the report of homicide caused a criminal investigation of Drs. Julius Gee and Deming Chau, frightened the doctors who treated Ms. Rojeski and worked with Valley, and caused them to quit the business thereby causing economic damages to Valley?

(4)  Why is there not a material issue of fact as to whether Defendant Winter's testimony lacks credibility when he says on the one hand "I did not inform any agency that the manner of death was "homicide" (Dkt. 492-6 6-19-19 Winter Dec., p. 2, lines 1-2), but then on the other hand in his Deposition makes an inconsistent statement that he cannot recall his discussions with the FDA, FBI, California Medical Board, LA District Attorney, LA Police Department, Dr. Sedrak, Attorney Trope, and Mr. Oxman?

(5)  Why did Defendant Winter testify under penalty of perjury that "I did not inform any agency that the manner of death was "homicide" (Dkt. 492-6 Winter 6-19-19 Dec., p. 2, lines 1-2), when the FDA made an official government report on January 6, 2012, stating Winter called Agents Samanta Kelley and Keith Hadley and stated the Rojeski case will be reported as a homicide?

**B.    Oral Argument Will Assist the Court in Examining Defendants' Fraud**

Many things get said in oral argument.  Many questions get asked.  Many legal theories are tossed about between the Court and counsel.  Many policies are explored during oral argument.  It is for these reasons the Court in *Jasinski v. Showboat Operating Co.,* 644 F.2d 1277, 1281 (9th Cir. 1981), stated:

> "It is precisely in close cases such as this one that oral argument best serves the interests of justice. At trial or on appeal, oral argument enables the judge to test his or her thinking with counsel available to suggest illumination or refinement of issues the judge deems critical. See P. Carrington, D. Meador, M. Rosenberg, Justice on Appeal 17 (1976); Kaufman, "Appellate Advocacy in the Federal Courts," 79 F.R.D. 165, 170-72 (1979). We cannot know what effect oral argument would have had upon the district court, or what new arguments and emphases might have emerged from the colloquy between court and counsel, and we will not ask appellant to produce a crystal ball. The district court's struggle with a close and

critical question, evident on the face of the court's opinion, is enough to establish prejudice to the losing party."

Oftentimes, many experiences of the Court and counsel are discussed during oral argument. The inconsistences of witnesses' statements and the failure to explain things which are either critical or unexplainable become apparent. Oral argument serves the purpose of answering questions, clearing ambiguities, and explaining rules and reasoning. It requires a certain free flow of exchange between the Court and counsel so that issues may be explained, and counsel may attempt to persuade the Court. *See Lewis, Lewis & Van Etten, Inc. v. MCI Telecommunications Corp.*, 138 F.R.D. 25, 27 (E.D.N.Y 1991).

Valley recognizes that Oral Argument is not an inherent element of procedural due process. However, Valley never believed that Winter would have committed such major perjury in his August 6, 2020, Deposition and it had no ability to bring that new perjury before the Court until its Rule 60(b) Motion. The essential nature and right to oral argument "varies from case to case in accordance with differing circumstances, as do other procedural regulations." *Federal Communications Commission v. WJR,* 337 U.S. 265, 276 (1949). In this case, oral argument is crucial to the outcome of this Motion under Rule 60(b) because a witness, Ed Winter, has played fast and loose with this Court, made false statement to the Court which can only be described as materially intolerable in the face of the Court's search for the truth. *Ten Bridges, LLC v. Midas Mulligan, LLC,* 2020 WL 1914912, at *1 n. 1 (W.D. Wash. Apr. 20, 2020) ("Generally, the court should not deny a request for oral argument made by a party opposing a dispositive motion unless the motion is denied." (citing *Dredge Corp. v. Penny*, 338 F.2d 456, 462 (9th Cir. 1964)).

C. **The Circumstances of this Case Warrant Oral Argument**

Valley was subjected to an effort to "shut them down" in violation of 42 U.S.C. § 1983 by the creation of a false homicide report (not an autopsy, but rather a gratuitous false statement to agencies and newspapers) which occurred in January and February, 2012, and which was then reported to numerous government agencies frightening Valley's doctors and vendors, coupled with Reports by Defendant Selma Calmes on

February 17, 2012, of a homicide to the LA Times with widespread publicity. These acts were outside normal Coroner activities, and this is not a case where Defendants corrected the false homicide report because that ineffective attempt on April 1, 2013, was a year after January and February, 2012, when the damage was already done. This is not a case of Coroner discretionary duties because the fraudulent creation of a homicide Report to agencies and newspapers using false facts in January and February, 2012, was outside the performances of Coroner duties and designed to frighten Drs. Gee and Chau, doctors, and vendors such as Allergan, Inc., into terminating their relationship with Valley which put Valley out of business as intended to "shut them down" in violation of section 1983.

Recently, in *United States v. Wanland*, 2020 WL 4916557 * 3 (E.D. Cal. Aug. 21, 2020), the Court stated:

> "[A]n opportunity to be heard orally on questions of law "is not an inherent element of procedural due process, even where substantial questions of law are involved." *Id.* (quoting *Dredge Corp. v. Penny*, 338 F.2d 456, 462 n.14 (9th Cir. 1964); *see also Burchett v. Cardwell*, 493 F.2d 492, 494–95 (9th Cir. 1974) (same). Regardless, "the right of oral argument as a matter of procedural due process...varies from case to case in accordance with differing circumstances." *Dredge Corp.*, 338 F.2d at 462 n.14."

The Court should be concerned about Defendant Winter's false statement to this Court which not only procured the October 29, 2019, Order by fraud, but also is the central material issue of controverted fact showing damages to Valley. 10A C. Wright & A. Miller, Federal Practice & Procedure § 2728 (4th ed. 2020) ("The duty of the court under Rule 56 is to determine whether a genuine dispute of material fact remains for trial; once it determines that a triable issue exists the inquiry is at an end and summary judgment must be denied."   Oral Argument is essential to expose the fraud on this Court.

   D.   **The Facts Warrant Oral Argument**

Defendant Winter's fraud on this Court was demonstrated in his August 6, 2020, Deposition, and that new evidence not available prior to August 6, 2020, warrants Valley's 60(b) Motion. The substantial evidence of Winter's perjury alone presents a triable issue of fact and a fraudulently procured October 29, 2010, Order. Oral argument

is an imperative because summary judgment is not appropriate in this case. *United States ex rel. Dahlstrom v. Sauk-Suiattle Indian Tribe of Washington*, 2019 WL 4082944, at *1 n. 1 (W.D. Wash. Aug. 29, 2019) ("The general rule is that the court should not deny a request for oral argument made by a party opposing a motion for summary judgment unless the motion is denied."). An Examination of the facts in this case shows the fraudulent statements from Defendant Winter should be examined at Oral Argument.

(1) Paula Rojeski died on September 8, 2011, immediately after LapBand surgery at Valley Surgical Center;

(2) The LA County Coroner conducted an autopsy on September 12, 2011, with Drs. Djabourian and Marinovich which showed Rojeski died from a .4 cm perforation of her aorta near the junction of the mesenteric artery likely caused by the slip of a surgical instrument during the surgery from the Surgeon, Dr. Julius Gee;

(3) On December 22, 2011, Food and Drug Administration Agent Keith Hadley called Coroner Investigator John Kades where he said the government was investigating two brothers for billing irregularities, and then asked the Coroner to help "shut them down" referring to Plaintiffs and the use of extra judicial means;

(4) On December 22, 2011, Captain John Kades agreed on behalf of the Coroner to help the FDA "shut them down" through extra judicial means as shown by emails containing the agreement;

(5) On January 2, 2012, the Coroner's Office and Chief Coroner Lakshmanan Sathyavagiswaran called a meeting of all defendants to close the Rojeski case with a finding of accidental death;

(6) On January 5, 2012, the FDA, FBI, US Department of Justice, and California Medical Board attended the meeting at the Coroner's Office where the FDA asked the Coroner to find the Rojeski death a homicide when all parties present knew there was no homicide finding possible;

(7) On January 6, 2012, Chief Deputy Coroner Ed Winter telephoned FDA Agent Samanta Kelly and informed the FDA the Coroner would call the Rojeski death a

homicide contrary to the medical evidence which showed an accident thereby inflicting on that date irreparable injury and damages to Valley;

(8)  The Coroner thereafter in January and February, 2012, falsified the facts of the Rojeski death and reported the death as a homicide to the FDA, FBI, California Medical Board, Los Angeles Police Department, and Los Angeles District Attorney, with Defendant Selma Calmes, who was the Coroner Anesthesia Consultant and part of the Rojeski Autopsy, and informing the Los Angeles Times on February 17, 2012, saying in an email "Guess what I found" in reference to the homicide investigation;

(9)  The existence of the false homicide investigation was conducted concerning Drs. Gee and Chau through the California Medical Board and was widely publicized not only by the LA Times, but also numerous other media outlets where the homicide claim caused further irreparable injury to Valley.

(10) The accusations of homicide against Valley and Drs. Gee and Chau caused Valley substantial economic damages because the homicide accusations and claims

(a) frightened numerous doctors working with Valley, including Drs. Gee, Chau, Tashjian, and Madan, all of whom quit working for Valley as a direct result, and

(b) frightened Allergan, Inc., who provided Valley with the LapBand device and terminated their relationship with Valley resulting in Valley having no further LapBand devices to conduct its business.

Each of these facts have been shown with substantial admissible evidence where the fear caused by Defendant Winter's homicide report (which is the subject of Winter's fraud on the Court) to the FDA, FBI, California Medical Board, LA District Attorney, and LA Police Department, and Defendant Calmes' homicide report to the LA Times frightened and damaged Valley's doctors and vendors causing them to no longer deal with Valley. *Story Parchment Co. v. Paterson Parchment Paper Co.*, 282 U.S. 555, 562 (1931) ("It is true that there was uncertainty as to the extent of the damage, but there was none as to the fact of damage; and there is a clear distinction between the measure of proof necessary to establish the fact that petitioner had sustained some damage and the

measure of proof necessary to enable the jury to fix the amount."). The central fact on which the Court relied in granting summary judgment on October 29, 2019, was the purported hearsay of Defendant Winter's report of homicide. However, Defendant Winter's claim that "I did not inform any agency that the manner of death was 'homicide'" (Dkt. 492-6 Winter 6-19-19 Dec., p. 2, lines 1-2) was an outright fraud on the Court. 10A C. Wright & A. Miller, Federal Practice & Procedure § 2726 (4th ed. 2020) (while the claim an affidavit is perjured is insufficient, where specific facts are alleged that if proven would call the credibility of the moving party's witness into doubt, summary judgment is improper, because "[a]ssessing evidentiary weight and credibility are not ordinarily consistent with a ruling on a summary-judgment motion").

### E. Oral Argument Will Expose Defendant Winter's Fraud

Summary Judgment should not be granted where the witness is shown to be untruthful. 10A C. Wright & A. Miller, Federal Practice & Procedure § 2726 (4th ed. 2020) ("Doubts as to the credibility of the movant's affiants or witnesses may lead the court to conclude that a genuine issue of material fact exists. Indeed, as the Advisory Committee states in its Note to the 1963 amendment of Rule 56: 'Where an issue as to a material fact cannot be resolved without observation of the demeanor of witnesses in order to evaluate their credibility, summary judgment is not appropriate.'"). There is new direct evidence from Defendant Winter's August 6, 2020, Deposition, which Mr. Oxman has contradicted and testified is untrue (Dkt. 626-1), which creates a material issue of fact. Defendant Winter told Dr. Sedrak, Attorney Trope, and Brian Oxman on two (2) separate occasions he had reported the Rojeski Death as a homicide to the various governmental agencies. Yet, when asked in his deposition what he said to Mr. Oxman or what he said to the agencies, Defendant Winter couldn't remember. (Dkt. 626). Winter's homicide report frightened Valley's doctors, including Drs. Gee, Chau, Tashjian, Madan, and others along with Valley's vendors, including Allergan, where they stopped dealing with and quit their relationship with Valley causing Valley substantial economic damages. (Dkt. 626-1)

The Court's October 29, 2019, summary judgment Order was procured by fraud.

The Court is faced with perjured testimony from Winter, and while the Court is not to assess the credibility of witnesses on summary judgment, there are material issues of fact as to whether Defendant Winter made the report of homicide and its impact and harm to Valley, which render summary judgment inappropriate. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986) (court should act "with caution in granting summary judgment" and court may "deny summary judgment in a case in which there is reason to believe that the better course would be to proceed to a full trial."). There are material issues of fact over Winter's false statements which should give this Court great concern because Winter perjured himself in front of this Court and been shown to be a perjurer. 10A C. Wright & A. Miller, Federal Practice & Procedure § 2728 (4th ed. 2020) ("an appraisal of the legal issues may lead a court to exercise its discretion and deny summary judgment in order to obtain the fuller factual foundation afforded by a plenary trial.").

      The January 6, 2012, FDA Report is a prior inconsistent statement in an official government report. While the Court has expressed its concerns over the January 6, 2012, FDA Report, the very existence of this document should give the Court great pause which warrants the Court not to permit Defendant Winter's blatant fraud on the Court. 10A C. Wright & A. Miller, Federal Practice & Procedure § 2728 (4th ed. 2020) ("an appraisal of the legal issues may lead a court to exercise its discretion and deny summary judgment in order to obtain the fuller factual foundation afforded by a plenary trial") (citing *Kennedy v. Silas Mason Co.*, 334 U.S. 249, 257 (1948). However, on top of the January 6, 2012, FDA Report, there is new evidence not available prior to August 6, 2020, of Defendants' fraud from the Winter August 6, 2020, Deposition which warrants full exploration at Oral Argument on a Motion where there is substantial evidence the October 29, 2019, Order was procured by fraud. In light of the above new material issues of facts and law, Valley respectfully submits that it would suffer unfair prejudice if the Court refuses to hear oral argument. *See Houston v. Bryan,* 725 F.2d 516, 518 (9th Cir.1984).

### F. <u>Conclusion</u>

For the reasons stated, Valley Surgical Center, LLC., requests the Court grant Oral Argument and a hearing on Valley's Rule 60 (b)(3), (6) Motion (Dkt. 621).

---

DATED: August 25, 2020             WIILLIAM WELDEN

By: ***/s/ William B. Welden, Esq.***
WILLIAM B. WELDEN, ESQ. *for*
**LAW OFFICE OF WILLIAM WELDEN**
*Attorney for Plaintiff*
VALLEY SURGICAL CENTER, LLC,
a California Limited Liability Company

## PROOF OF SERVICE

I am employed and a resident of the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 9663 Santa Monica Blvd., No. 234, Beverly Hills, CA 90210.

On August 25, 2020, I served the document described as:

**VALLEY SURGICAL CENTER'S CORRECTED REQUEST FOR ORAL ARGUMENT**

Upon the interested parties in this action as follows:

     X     By email.

I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on August 25, 2020.

/s/ William Welden

William Welden